# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Renault Fry, | Case No. 24-CV-1538 (DSD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa Stenseth, | |
| Defendant. | |

This matter comes before the Court on Petitioner Bruce Renault Fry's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1 ("Petition")); (2) Motion requesting the appointment of counsel (Dkt. 2 ("Counsel Motion)); and (3) filing received by the Court on May 31, 2024 (Dkt. 9 ("Show-Cause Response")).  For the following reasons, the Court recommends denying the Petition, denying the Counsel Motion as moot, and dismissing this action without prejudice.

On May 6, 2024, this Court entered an order requiring Fry to show cause why the Court should not recommend denying the Petition because of Fry's apparent failure to comply with 28 U.S.C. § 2244(d)(1), the statute of limitations governing § 2254 petitions. (*See* Dkt. 4 at 4-5; *see also id.* at 3-4 (explaining that Fry's limitation period apparently expired on February 28, 2022).)  The Show-Cause Response is Fry's response to the Court's Order.

The Show-Cause Response does not suggest that the Order's calculations are wrong; instead, he claims that there are several reasons why the Court should excuse the

limitations issue.  (*See* Dkt. 9 at 2.)  On the Court's read, the Response makes four main

points.  (*See id.* at 3-7.)

- First, Fry states that he was given incorrect information about how to proceed by a "paralegal" at the Minnesota Correctional Facility in Rush City, Minnesota.  (Dkt. 9-1 at 3.)

- Second, Fry claims that he has "mental-health disorders" that prevented him from properly following limitations-related rules.  (*Id.* at 4.)

- Third, he argues that his trial and/or appellate attorneys gave him ineffective assistance of counsel by not telling him about the relevant statute of limitations.  (*See id*. at 4-5.)

- Fourth, Fry claims that the doctrine of equitable tolling should apply here to his benefit.  (*See id*. at 5-6.)

Collectively, it is not clear to the Court what legal argument Fry means to make

with these points.  For instance, Fry does not seem to be arguing that the Court used the

wrong part of § 2244(d)(1) to calculate his limitations period, or that some sort of

"properly filed application for State post-conviction review" should have tolled that

period under § 2244(d)(2).  Fry's argument does not then appear to rest on the limitations

statute itself.

As suggested above, however, Fry refers to the concept of equitable tolling.  The

U.S. Supreme Court has indicated that a habeas petitioner can benefit from equitable

tolling, "only if he shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing."

*McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S.

631, 649 (2010)); *see also, e.g.*, *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018)

(same).  Because Fry is proceeding *pro se*, the Court must construe his filings liberally.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).  The Court therefore construes Fry as arguing that the first three points in the bulleted list above make up "extraordinary circumstances" that entitle him to equitable tolling.

The problem with this argument, however, is that extraordinary circumstances alone cannot form the basis of a successful equitable-tolling claim.  *See McQuiggin*, 569 U.S. at 391; *Holland*, 560 U.S. at 649.  The Supreme Court has referred to the two *Holland* prongs above as "elements," meaning that courts may grant equitable tolling only when the petitioner **also** shows that he has diligently pursued his rights.  *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Kampschroer v. Anoka Cnty.*, 935 F.3d 645, 649 (8th Cir. 2019) (making same point (quoting *Pace*)).

Here, the Court cannot conclude that Fry has been diligently pursuing his rights.  Fry's direct appeal concluded on October 1, 2020, when the Minnesota Supreme Court denied Fry's petition for further review.  (*See State v. Fry*, No. A19-1031, 2020 WL 4046775, at *1 (Minn. Ct. App. July 20, 2020) (noting date of denial).)  After that, Fry did not file a state postconviction-relief petition until August 2022—22 months later.  Furthermore, even after the Minnesota Supreme Court denied Fry's petition for further review in those proceedings in November 2023, Fry did not file the present Petition until April 2024—at least another 5 months later.  These delays simply cannot be squared with

the claim that Fry had been pursuing his rights diligently before filing the present

Petition.[1]

The Court therefore concludes that Fry does not qualify for equitable tolling.  As a

result, the Court further concludes that the limitations period of § 2244(d)(1) bars the

Petition.  The Court therefore recommends denying the Petition and dismissing this

action without prejudice.

Two final points require consideration.  First, because the Court is denying the

Petition, the Court also recommends denying the Counsel Motion as moot.  Second,

because this Court does not believe the recommended basis for dismissal here can

reasonably be disputed, the Court recommends that Fry not be issued a certificate of

appealability.  *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

("When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a [certificate of appealability] should issue

when the prisoner shows, at least, that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling.").

---

[1]     Given this, the Court need not—and does not—opine on whether the points
mentioned in the Show-Cause Response actually are the sort of "extraordinary
circumstances" that could justify equitable tolling.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1.   Petitioner Bruce Renault Fry's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1) be **DENIED**.

2.   Fry's Motion seeking appointed counsel (Dkt. 2) be **DENIED** as moot.

3.   This action be **DISMISSED WITHOUT PREJUDICE**.

4.   No certificate of appealability be issued.

Dated: July 1, 2024                     *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).